# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ULYSSE LOUISMA, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| AUTOMATED FINANCIAL, LLC and METABANK, d/b/a META PAYMENT SYSTEMS, a division of METABANK, | ) ) ) ) | CLASS ACTION JURY DEMANDED |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Ulysse Louisma, by his attorneys The Consumer Advocacy Center, P.C., states as follows for his Class Action Complaint against Defendants Automated Financial, LLC and MetaBank, doing business as Meta Payment Systems, a division of MetaBank.

## The Parties

1. Plaintiff resides in this district.

2. Defendant Automated Financial, LLC is an Arizona corporation doing business in this district through various ATM locations, including 4999 Old Orchard Center in Skokie, Illinois.

3. Defendant MetaBank, doing business as Meta Payment Systems, a division of MetaBank, is a federally chartered savings bank doing business in this district through various ATM locations, including 4999 Old Orchard Center in Skokie, Illinois.

## Jurisdiction and Venue

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* and Regulation E, 12 C.F.R. § 205.1 *et seq.*

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district.

## Statutory/Regulatory Authority

6. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

7. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed ("Posted Fee Notice") and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

8. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## Facts

9. On June 27, 2010, Plaintiff used ATM number TRA819364CD00001 ("ATM at Issue"), located at 4999 Old Orchard Center, Skokie, Illinois 60077.

10. On June 27, 2010, Plaintiff was charged $3.50 to withdraw money from the ATM at Issue.

11. On June 27, 2010, there was no Posted Fee Notice posted on or near the ATM at Issue that disclosed users would be charged any fee for using ATM at Issue.

## COUNT I
## VIOLATION OF EFTA AND REGULATION E

12. Plaintiff incorporates herein by reference paragraphs 1-11 as if set forth fully herein.

13. Plaintiff brings this Count on behalf of himself and a Class of all persons who were charged a transaction fee for the use of automated teller machine number TRA819364CD00001 located at 4999 Old Orchard Center, Skokie, Illinois 60077.

14. On information and belief, the putative Class consists of hundreds of persons and is so numerous that joinder of all putative Class members, whether otherwise required or permitted, is impracticable. The actual number of putative Class members is in the exclusive control of one or more Defendants.

15. Questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

    (a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendants were ATM operators at all relevant times during that class period that imposed a fee on consumers for providing host transfer services to those consumers; and

    (b) Whether, at all relevant times during the class period, Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

16. Plaintiff's claims are typical of the claims of the putative Class members, including:

    (a) Plaintiff and all putative Class members used an ATM operated by Defendants;

    (b)    Defendants failed to provide notice compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

    (c)    One or more Defendants illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM at Issue.

17. Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has hired counsel able and experienced in class action litigation.

18. Questions of law or fact common to the putative class predominate over any questions affecting only individual putative Class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

19. This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

20. The size of each putative Class member's actual damages is too small to make individual litigation an economically viable option.

21. No unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative Class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

22. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), and on information and belief, Automated Financial, LLC was an ATM operator at all times relevant to this action.

23. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), and on information and belief, MetaBank, doing business as Meta Payment Systems, a division of MetaBank, was an ATM operator at all times relevant to this action.

24. According to its website, Automated Financial, LLC "is a full service ATM provider" with a portfolio consisting of "over 4000 ATM sites across the United States."

25. Automated Financial, LLC lists MetaBank as one of its partners and provides custom branding kits to reinforce branding.

26. The ATM at Issue contains MetaBank branding and tells customers to report operational problems to Automated Financial, LLC and its website, www.atmconnection.com.

27. According to its website, MetaBank's "knowledgeable ATM team is comprised of experienced industry leaders who value the importance of communication and the benefit of onsite visits."

28. As ATM operators, Defendants are responsible for compliance with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

29. Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

30. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), a fee was therefore illegally imposed on Plaintiff and all putative Class members for their respective use of the ATM at Issue.

31. Because, on information and belief, all Defendants acted jointly to effectuate operation of the ATM at Issue, they are jointly and severally liable.

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, requests that this Court enter judgment in his favor and against Automated Financial, LLC and MetaBank, doing business as Meta Payment Systems, a division of MetaBank, jointly and severally, and award the following:

    A.      Actual and statutory damages as set forth in the EFTA and Regulation E;

    B.      Attorneys' fees and costs of suit; and

    C.      Such other relief as this Court deems proper.

### Plaintiff Demands A Trial By Jury

                                          Respectfully submitted,

                                          By: /s/ Lance A. Raphael
                                          One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
(312) 782-5808