IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ULYSSE LOUISMA, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-CV-2104 |
| AUTOMATED FINANCIAL, LLC and METABANK, d/b/a META PAYMENT SYSTEMS, a division of METABANK, | ) ) ) ) ) | Judge Sharon Johnson Coleman  Magistrate Young B. Kim |
| Defendants. | ) | |

**PLAINTIFF'S L.R. 40.4 MOTION TO REASSIGN FOR RELATEDNESS**

Pursuant to Local Rule 40.4, Plaintiff Ulysse Louisma requests that this Court reassign the related and higher-numbered case of *Karen Cole v. Automated Financial, LLC and Metabank, d/b/a Meta Payment Systems, a division of Metabank*, Case No. 11-CV-3299 ("*Cole*"), to this case.[1] In support of this motion, Plaintiff states as follows:

1. On March 28, 2011, Plaintiff Louisma filed the instant case, alleging that Automated Financial, LLC and Metabank, d/b/a Meta Payment Systems, a division of Metabank ("Metabank"), violated the notice provisions of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"). EFTA and its implementing Regulations require that an ATM operator disclose: (a) on the ATM, that a fee will be imposed; and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.[2] If the foregoing notice requirements are not met, EFTA prohibits the imposition of a fee. Louisma's complaint alleges that Defendants violated

---

[1] A copy of the *Cole* complaint is attached as <u>Exhibit A</u>.

[2] 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

EFTA by failing to post the required notice on one of the ATMs located at Old Orchard Mall and yet still charging a fee.

2. On May 17, 2011, Plaintiff Cole filed her case, which was assigned Case No. 11-CV-3299 and is pending before the Honorable Judge Guzman, against the same Defendants for violating the EFTA in the same manner. The only difference is that Cole used one of the Defendants' ATMs located at Water Tower Place.

3. Both the instant case and the *Cole* case involve a majority of the same issues of fact and law, including: (a) whether class certification is appropriate; and (b) whether Defendants had appropriate procedures in place to avoid EFTA disclosure violations at their ATMs.

4. Discovery in both matters will largely overlap as many of the same witnesses have already been disclosed as having knowledge relevant to the ATMs at Issue in *Louisma* and *Cole*. The parties are also represented by the same attorneys in both matters. Therefore, the handling of these cases by one Judge and one Magistrate Judge should result in a substantial saving of judicial and party time and effort.

5. This matter has not yet progressed to a point where designating *Cole* as related would substantially delay proceedings. No substantive motions have been filed in either case, the *Cole* case has not yet had an initial status hearing, and the *Louisma* case is still in the beginning written discovery stages.

6. Because of the commonality of the issues to be decided, this Court should exercise its discretion to reassign *Cole* as related.

WHEREFORE, the parties respectfully request that *Karen Cole v. Automated Financial, LLC and Metabank, d/b/a Meta Payment Systems, a division of Metabank*, Case No. 11-CV-3299, be reassigned to this Court for relatedness.

Respectfully submitted,

By: /s/ Stacy M. Bardo
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930

3