# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2104 | **DATE** | November 1, 2011 |
| **CASE TITLE** | Louisma vs. Automated Financial, LLC et al. | | |

**DOCKET ENTRY TEXT**

Defendant Automated Financial, LLC's motion to quash [44] is denied. Status hearing scheduled for November 8, 2011, at 10:30 a.m. to stand.

■[ For further details see text below.]

Mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

On September 21, 2011, Plaintiff issued a subpoena requesting Triton Systems of Delaware, LLC ("TSD") to produce certain documents for inspection and copying. (R. 44, Def.'s Mot. Ex. A.) According to Defendant Automated Financial, LLC ("AFL"), AFL "does business with" TSD. (R. 44, Def.'s Mot. at 2.) The document rider attached to the TSD subpoena described five categories of documents:

    1. Produce for inspection and copying all "originals" of any *"Triton ATM Cash Dispenser - Installation/Warranty Registration"* forms or **"ATM Registration Forms"** sent to you by your customer known as **"AFLLC" "Automated Financial"** or **"Automated Financial, L.L.C."** regarding ATMS installed or registered during the months of April 2009 through May 2009.

    2. Produce for inspection and copying all "originals" or any other correspondence, e-mails, documents or other material sent to you from **"AFLLC" "Automated Financial"** or **"Automated Financial, L.L.C."** which relate to the ATMS which were the subject of your response to the first category of document.

    3. Produce for inspection and copying all "originals" (including its original electronic format) of any correspondence, e-mails, documents or other material relating to ATMs with the Terminal Numbers: 81936399, 81936400, 81936401, and 81936402.

    4. Produce for inspection and copying all "originals" (including its original electronic format) of any correspondence, e-mails, documents or other material relating to ATMs with the UNIT Serial Numbers: LRL2315090910810, LRL2315090920864, LRL2315090920900, and LRL 2315090910801.

    5. Produce for inspection and copying all "originals" (including its original electronic format) of any correspondence, e-mails, documents or other material relating to ATMs with the MECHANISM Serial Numbers:

**STATEMENT**

1008541, 1153985, and 1008546.

(R. 44, Def.'s Mot. Ex. A) (emphasis in original). On October 4, 2011, AFL moved to quash this subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii). According to this rule, the court must "quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" (Id.) In response to the motion, Plaintiff offered to limit the scope of paragraphs 1 and 2 of the document rider in exchange for AFL withdrawing the motion. (R. 50, Pl.'s Resp. at 1-2.) AFL did not agree to the offer of modification and as such the scope of the TSD subpoena remains unchanged. On October 21, 2011, Plaintiff filed her response opposing the motion, arguing--among other things--that AFL lacks standing to challenge the TSD subpoena. AFL filed its reply on October 27, 2011.

AFL's motion to quash the TSD subpoena is denied because AFL failed to meet its burden to show that it is entitled to relief under Federal Rule of Civil Procedure 45(c)(3)(A)(iii). *See WM High Yield v. O'Hanlon*, 460 F.Supp.2d 891, 895 (S.D. Ind. 2006) (the burden of persuasion in a motion to quash a subpoena is borne by the movant). In its motion, AFL generally avers that "the information requested by the plaintiff contains certain proprietary business information including, but not limited to, the 1) type; 2) cost; and 3) functionality of . . . ATMs." (R. 44, Def.'s Mot. at 2.) AFL did not describe the "proprietary business information" in more detail in its motion or at the motion hearing held on October 13, 2011, when Plaintiff challenged the notion that the documents she seeks are privileged or proprietary. In its reply, AFL argues: "[w]hile it is true that movant only generally described the privileged and proprietary information which the subpoena improperly seeks as information concerning the type of ATMs, cost of the ATMs, and functionality of the ATMs, movant stands on its position that although such description is general and not detailed, the description, nevertheless, is sufficient in terms of describing what privileged and proprietary information movant submits should not be disclosed pursuant to the subpoena." (R. 53, Def.'s Reply at 3.)

The court agrees with Plaintiff that AFL failed to show that it has standing to challenge the TSD subpoena. *See Wilson v. O'Brien*, 07 CV 3994, 2010 WL 1418401, *2 (N.D. Ill. April 6, 2010) ("the general rule stated by Wright and Miller [that only the recipient of a subpoena has standing to move to quash] is subject to exception if the subpoena infringes upon the legitimate interests of a movant whether or not that movant is the recipient of the subpoena.") (citing *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)). Plaintiff opposed the motion at the hearing on the basis that AFL lacked standing to challenge the subpoena. The court also commented to the parties at the hearing that it was interested in learning more about the standing issue. However, AFL did nothing more than repeat its general description of the proprietary nature of the information requested by Plaintiff without any details. AFL did not even identify the documents or type of documents it seeks to protect through its motion. A general assertion of privilege or protection is not enough to quash a subpoena in toto. The court must conduct a particularized analysis as to whether the specific documents sought by the subpoena at issue are privileged or protected. *Stopka v. Alliance of Am. Insurers*, No. 95 CV 7487, 1996 WL 204324, *6 (N.D. Ill. April 25, 1996) ("general application of the privilege to quash subpoenas is inappropriate.") Only through such analysis would the court be able to decide whether exceptions and waivers apply and whether the court may modify the subpoena to balance the competing interests of the parties. *Id.* at 12. Notably, TSD did not raise any objections to the scope of the subpoena or weigh in on the issue of whether it would be required to reveal proprietary information it agreed to protect. (R. 50, Pl.'s Resp. at 2 n.2.) Based on the foregoing, AFL's motion to quash is denied.