**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ULYSSE LOUISMA, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-CV-2104 |
| AUTOMATED FINANCIAL, LLC and METABANK, d/b/a META PAYMENT SYSTEMS, a division of METABANK, | ) ) ) ) ) | Judge Coleman Magistrate Judge Kim |
| Defendants. | ) ) | |
| KAREN COLE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 11-CV-3299 |
| AUTOMATED FINANCIAL, LLC and METABANK, d/b/a META PAYMENT SYSTEMS, a division of METABANK, | ) ) ) ) ) | reassigned as related to 11-CV-2104 |

**<u>FINAL APPROVAL ORDER</u>**

This matter comes before the Court on the joint request of Plaintiffs, the Class Members and Defendants for final approval of the Class Action Settlement Agreement and Release (the "Settlement Agreement"), and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS:**

    1.    This Court has jurisdiction over the subject matter of these Lawsuits, the Class Representatives, the Class Members and Defendants;

    2.    Notice was given to the Class pursuant to paragraph 2.4 of the Settlement Agreement in this matter;

3. The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

4. No members of the Settlement Class opted out of the Settlement Agreement;

5. No members of the Settlement Class objected to the Settlement Agreement;

6. The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A. That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B. That the Settlement Agreement is finally approved and the Parties shall implement it pursuant to its terms;

C. That, except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses with prejudice these Lawsuits, all claims contained therein and all Released Claims;

D. That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement,

2

construction, interpretation, performance and administration of the Settlement Agreement or Judgment;

      E.    That, upon review of Plaintiffs' Counsel's fee certification, this Court finds that an award of attorneys' fees and costs in the amount of $57,000.00, based upon counsel's 2012 hourly rates set forth in Counsel's Certification (Lance A. Raphael - $630; Stacy M. Bardo - $400; Allison A. Krumhorn - $375), is fair and reasonable;

      F.    That, except as otherwise provided in the Settlement Agreement or herein, the Parties are to bear their own attorneys' fees and costs; and

      G.    That this Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendants for liability based upon the Released Claims.

SO ORDERED this __12__ day of _____September_____, 2012.

                                                      _____
                                                      Honorable Sharon Johnson Coleman
                                                      United States District Court Judge